FIRST STATE BANK OF EAST DETROIT *v.* KEEGAN.

1. Unemployment Compensation—Bank Clerk—Disqualification for Benefits—Misconduct Connected with Work.
Evidence that general clerk of bank declined work as teller for health reasons because her previous experience as teller had aggravated a nervous condition, followed by her discharge from employment, permitted referee and employment security commission appeal board to determine she was not disqualified for unemployment benefits because of misconduct connected with her work, a determination not then subject to reversal on certiorari by the circuit court or on review by the Supreme Court (CLS 1956, § 421.29).

2. Costs—Unemployment Compensation—Bank Clerk.
No costs are allowed on review of award of unemployment benefits to discharge bank clerk who declined proffered job as teller for health reasons (CLS 1956, § 421.29).

Appeal from Macomb; Carroll (Howard R.), J. Submitted January 2, 1962. (Docket No. 3, Calendar No. 49,175.) Decided May 18, 1962.

References for Points in Headnotes
[1] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 38.
Leaving employment, or unavailability for particular job or duties, because of sickness or disability, as affecting right to unemployment compensation. 14 ALR2d 1308.
[2] 14 Am Jur, Costs § 106.
Constitutionality, construction, application, and effect of provisions of workmen's compensation acts in relation to costs or expenses on appeal or review. 79 ALR 678.

Certiorari by First State Bank of East Detroit, a Michigan banking corporation, against Mary Ann Keegan and Michigan Employment Security Commission challenging validity of award for unemployment compensation following discharge. Order entered setting aside award. Defendant Keegan appeals. Reversed and remanded for dismissal of writ.

*Frank C. Lawson* (*Charles H. King*, of counsel), for plaintiff.

*Marcus, Kelman, Loria, McCroskey & Finucan* (*Lu Verne Conway*, of counsel), for defendant Keegan.

BLACK, J. Claimant was first employed by appellee First State Bank in September of 1956. She worked about a year as teller. Constant contact with the public, and the handling of large sums of money required by the job, made her nervous and ill. For this reason she requested, and was granted, a transfer from the job of teller to new duty as a general clerk. The new job apparently had no adverse effect on her nervous system.

It was shown that claimant had consulted a physician regarding her nervous condition. A letter from him, appearing in the record, recites: "The above patient is under treatment for anxiety. She feels that being a teller aggravates this condition." This is the extent of adduced medical opinion.

February 1, 1960, claimant's services were terminated by the bank. Reasons given were claimant's incompetency and unsatisfactory work as clerk. She requested other work. The bank offered claimant her old job as teller. She refused such offer, stating that it would again make her nervous and ill. It was shown in such connection that although claimant was told that the teller job was the only available

position, the bank did hire a bookkeeper a few days later.

Claimant applied for unemployment compensation February 3, 1960. A determination was made that claimant was *not* disqualified from receiving such benefits since she had not been discharged for misconduct or refusal to work under section 29 (CLS 1956, § 421.29 [Stat Ann 1960 Rev § 17.531]). In such determination it was concluded that there had been no wilful or wanton disregard of the employer's interests which would constitute misconduct and that she had refused the proffered job solely for health reasons.

A statutory redetermination, made on request of the employer, resulted in affirmance of the above determination. Still another hearing was held, this time before a referee. He affirmed the prior determination and redetermination and was in turn affirmed by the appeal board. The Macomb county circuit court, having issued certiorari, reversed upon finding that claimant was disqualified because of her refusal to accept the teller's job. She appeals.

Decision here, as in the companion case of *Detroit Gravure Corporation* v. *Michigan Employment Security Commission,* 366 Mich 530, is controlled by the rule adopted by Mr. Justice CARR in *Cassar* v. *Employment Security Commission,* 343 Mich 380. For elucidation and amplification, see *Detroit Gravure.* The appeal board's decision was rendered well within the area of discretion entrusted to it. The circuit court hence should have affirmed.

Reversed and remanded to the circuit court for entry of an order dismissing that court's writ of certiorari. No costs.

KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred with BLACK, J.

Carr, C. J. (*concurring*). The provision of the employment security act of this State relating to review of findings of the employment security appeal board* declares that the:

"court may reverse such decision of said appeal board upon a question of fact only if it finds that said decision of the appeal board is contrary to the great weight of the evidence."

In the instant case the board decided as a factual matter that appellant was not offered suitable employment by appellee. From such finding the conclusion followed that she was not barred from receiving unemployment compensation because of her refusal to accept the position of teller, in appellee's bank, which was offered to her. On the record before us it may not be said that such finding of the appeal board was against the great weight of the evidence. On a prior occasion she had been transferred, at her request based on reasons of health, from her employment as teller to another position in the bank. Apparently her superiors recognized at the time that her claim that employment as teller was detrimental to her health was well-founded. The finding of the appeal board in such respect should have been sustained by the circuit court.

The case is remanded to the circuit court with directions to set aside the order entered, and for affirmance of the action of the appeal board. In view of the nature of the question at issue, no costs are allowed.

Dethmers and Kelly, JJ., concurred with Carr, C. J.

Souris, J., did not sit.

---

* CLS 1956, § 421.38 (Stat Ann 1960 Rev § 17.540).